**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**DARREN LAMONT WILLIAMS,**
Individually, and on behalf of himself
and others similarly situated,

Plaintiff,

v.                                    Case No. _____

**PREMIUM VELOCITY AUTO, LLC,**

    FLSA Multi-Plaintiff Action
    **JURY DEMANDED**

Defendant.

**ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT**

Plaintiff, Darren Lamont Williams ("Plaintiff"), individually, and on behalf of himself and potential plaintiffs, brings this action against Premium Velocity Auto, LLC, d/b/a Jiffy Lube ("Defendants") and alleges as follows:

**I. <u>INTRODUCTION</u>**

1. Plaintiff has been a full-time, hourly-paid employee of Defendant at all times material to this lawsuit. Plaintiff brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This action is intended to include every similarly situated full-time, hourly-paid employee of Defendant who has worked for Defendant anywhere in the United States at any time within the past three (3) years.

1

## II.  COVERAGE

3. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this Complaint.

4. Plaintiff and those similarly situated have been "employees" of Defendant as defined by the FLSA, during all times material to this Complaint.

5. Defendant has earned more than $500,000.00 per year in gross sales during all times material to this collective action.

6. During all times material to this action, Defendant has employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce and its employees also have engaged in interstate commerce on behalf of Defendant.

7. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## III.  JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this district. In addition, Defendant has conducted business within this district at all relevant time periods to this action. Also, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## IV. PARTIES

10. Defendant is a Delaware limited liability company with its principal address located at 780-B Pershing Road, Raleigh, North Carolina 27608. Defendant's agent for service of process is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

11. Plaintiff Barren Lamont Williams is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant in this district during all times relevant to this action. Plaintiff Williams' Consent to Join" this multi-plaintiff action is attached as *Exhibit A*.

## V. FACTUAL ALLEGATIONS

12. During all times material, Defendant has owned and operated Jiffy Lube oil change shops in Tennessee and in numerous other states across the U.S.

13. Plaintiff and those similarly situated worked as hourly-paid employees for Defendant during the relevant statutory period.

14. Defendant has had a time-keeping system for the purpose of recording the compensable work time of Plaintiff and those similarly situated – during all times material to this action.

15. Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material without being compensated for such work time at the applicable FLSA overtime compensation rate of pay.

16. More specifically, Defendant has had a common plan, policy and practice of requiring, inducing, expecting , and/or suffering and permitting, Plaintiff and those similarly situated to continue to service customers and clean-up the facility in which they worked after clocking-out of Defendant's time keeping system at the end of their daily shifts, without

3

being compensated for such "off the clock" work at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material herein.

17. In addition, Defendant has had a common plan, policy and practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and those similarly situated to continue to work during unpaid meal periods, without being compensated for such "off the clock" work at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material herein.

18. Defendant knew and was aware at all relevant times it was not compensating Plaintiff and those similarly situated for all their overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

19. Defendant willfully and, with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay for their "off the clock" work hours within weekly pay periods during all times relevant herein.

20. Defendant does not have a good faith basis for its violations of the FLSA.

21. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

22. The net effect of Defendant's common plan, policy and practice of failing to pay Plaintiff and those similarly situated for all their compensable overtime was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits

at their expense.

## VI. MULTI-PLAINTIFF ALLEGATIONS

23. Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendant:

    All individuals who were employed by Defendant as hourly-paid employees and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Mult-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

24. Plaintiff brings this action on behalf of himself and potential plaintiffs to this action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

25. The claims under the FLSA may be pursued by those who join this action under 29 U.S.C. § 216(b).

26. While the exact number of potential plaintiffs to this action is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than 600 potential plaintiffs to this action.

27. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

28. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's common plan, policy and practice of failing to pay them for all their overtime compensation within weekly pay periods at the applicable FLSA overtime rates of pay during all times material, as previously described.

29. Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid

overtime claims are unified through a common theory of Defendant's FLSA violations.

30. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as his interests are aligned with the interest of such potential plaintiffs.

31. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action..

32. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

33. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

34. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful pay practices implemented and administered by Defendant.

## COUNT I - <u>RECOVERY OF OVERTIME COMPENSATION</u>

35. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

36. During their employment with Defendant, Plaintiff and similarly situated employees worked more than 40 hours per week within weekly pay periods but were not paid overtime compensation for all of such work time as required by the FLSA, and as previously described.

37. The unpaid overtime claims of Plaintiff and potential plaintiffs to this action are unified through a common theory of Defendant's FLSA violations.

38. Defendant's failure to pay Plaintiff and potential plaintiffs to this action one and one-half times their regular hourly rates of pay for all their overtime hours worked within weekly pay periods during all times material was willful and, with reckless disregard to established FLSA overtime compensation requirements and, without a good faith basis for such failure.

39. As a result of Defendant's willful and unlawful acts in failing to pay Plaintiff and potential plaintiffs to this action all their earned overtime compensation, Plaintiff and such potential plaintiffs have suffered lost wages and other recoverable damages, plus reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of himself and potential plaintiffs to this action, requests this Court to grant the following relief against said Defendant:

A. Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiff and potential plaintiffs who join this action;

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated:  August 24th , 2023.                       Respectfully Submitted,

*s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BRP #12123)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*