IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARREN LAMONT WILLIAMS, )<br>Individually, and on behalf of himself )<br>and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PREMIUM VELOCITY AUTO, LLC, )<br>)<br>Defendant. ) | NO. 3:23-cv-00901<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Darren Lamont Williams' ("Plaintiff") Motion to Facilitate Notice of an FLSA Collective Action. (Doc. No. 14). Defendant Premium Velocity Auto, LLC ("Defendant") filed a response in opposition. (Doc. No. 18). For the reasons discussed below, Plaintiff's motion (Doc. No. 14) is **DENIED**.

### I.  FACTUAL BACKGROUND

Defendant owns and operates Jiffy Lube stores that provide automotive services. Plaintiff worked as a Lube Technician/Customer Service Advisor at Jiffy Lube's Old Harding Pike location from December 2022 until May 2023. (Doc. No. 14-2 at PageID 81). Plaintiff brings this action on behalf of himself and other former and current hourly-paid who worked at Jiffy Lube during the last 3 years as Lube Technicians/Customer Service Advisors for alleged violation of the Fair Labor Standard Act ("FLSA"). The Complaint defines the putative collective as "[a]ll individuals who were employed by Defendant as hourly-paid employees and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Mult-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is

the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b)." (Doc. No. 1 ¶ 23).

Plaintiff alleges that Defendant violated the FLSA by "failing to properly pay the putative class overtime pay for all hours worked over forty (40)" and that "Defendant maintain[s] a *de facto* policy or practice of depriving all its workers overtime pay in the following ways: (1) requiring, inducing, expecting, and/or suffering and permitting Lube Technicians/Customer Service Advisors to continue to serve customers and clean up the facility in which they worked after clocking out and (2) requiring, inducing, expecting, and/or suffering and permitting Lube Technicians/Customer Service Advisors to work during unpaid meal period." (Doc. No. 14-1 at PageID # 70, 73).

In support of his motion, Plaintiff filed a declaration (Doc. No. 14-2), which he argues "demonstrates that Defendant employed a policy or practice of requiring all Lube Technicians/Customer Service Advisors to perform compensable work that was not paid for leading to unpaid overtime in particular weeks" and that "[t]his occurred company-wide, depriving workers of overtime pay owed." (Doc. No. 14-1 at PageID # 73). Specifically, Plaintiff attests that he "and other hourly paid Lube Technicians/Customer Service Advisors are subject to the same policies pertaining to timekeeping and compensation" and that he is similarly situated to the putative collective because during his employment with Defendant, he observed that they:

- Performed the same job duties;
- Followed the same policies and procedures;
- Were subject to the same employee handbook;
- Underwent similar training;
- Were paid under the same pay system, and
- Were not paid all overtime compensation

(Doc. No. 14-2 at PageID # 82). Plaintiff also attests that he and the putative collective members ordinarily worked 40 or more hours per week while working for Defendant and that they "were

2

required to clock out and continue to work on customers' cars after the ending of our scheduled shifts," "were required to clock out and clean up the store for the next day after the ending of our scheduled shifts," and "were required to clock out for lunch and continue to work on customers' cars during an unpaid meal break." (*Id.* at PageID # 82-83). Plaintiff also states that "there are other current and former hourly-paid Lube Technicians/Customer Service Advisors who worked for Premium Velocity Auto LLC., and they too should be entitled to recover their unpaid wages." (*Id.* at PageID # 83).

Plaintiff requests an Order (1) authorizing his claims to proceed as an FLSA collective action on behalf of himself and the putative collective members; (2) requiring Defendant to produce the names, last known addresses, last known email addresses, social security numbers, dates of employment, and last known telephone numbers of each putative collective member; (3) requiring Defendant to (i) post the proposed notice at all of Defendant's facilities that employ putative collective members, (ii) include the notice in the next regularly-scheduled paycheck of putative collective members, and (iii) mail and email the notice to putative collective members; (4) tolling the statute of limitations for the putative collective as of the date Plaintiff's motion was fully briefed; and (5) requiring that the consent forms be deemed filed on the date postmarked.

Defendant filed a response in opposition and contends that Plaintiff failed to demonstrate that he is similarly situated to the putative collective members; that if the Court finds that notice is appropriate, it should be limited to similarly situated individuals who worked in Tennessee; that the Court should deny Plaintiff's request for personal information of putative collective members; that Plaintiff's proposed notice is inadequate; and that the Court should deny Plaintiff's request to toll the statute of limitations as of the date Plaintiff's motion was fully briefed. In support of its response, Defendant filed a declaration of William McInnes, Defendant's Human Resources

Director. (Doc. No. 18-1). He attests that Defendant acquired the Jiffy Lube franchise that Plaintiff worked at on December 15, 2022 and that Defendant "did not assume responsibilities for the liabilities of the target company including pre-closing employment actions." (Doc. No. 18-1 at PageID # 109-110). McInnes also attests that "[p]rior to December 15, 2022, PVA, LLC did not own, operate, maintain, manage or control the Jiffy Lube franchise location Plaintiff worked at or any other Jiffy Lube franchise in Tennessee." (*Id.* at PageID # 110).

## II. STANDARD OF REVIEW

"The FLSA mandates that employers pay a federal minimum wage and overtime to certain types of employees." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023) (citing 29 U.S.C. §§ 206(a), 207(a)). The FLSA permits employees alleging a violation of the minimum wage provision to bring suit on their own behalf and that of "other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* In other words, this provision establishes two requirements for a collective action under the FLSA: (1) the additional plaintiffs must "actually be 'similarly situated'"; and (2) they must "signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The statute does not define "similarly situated" or prescribe the process for adding other plaintiffs to a collective action.

The Sixth Circuit has prescribed a two-stage process for identifying potentially similarly situated plaintiffs and determined whether the notified employees who have given notice of their desire to opt in as plaintiffs are, in fact, similarly situated to the named plaintiff and each other. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010-11 (6th Cir. 2023). Only those

4

employees who are determined to actually be similarly situated will then become plaintiffs in the case. *Id.*

At the first stage of the process, "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. This level of proof "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* To determine whether member of the collective action are similarly situated courts in the Sixth Circuit consider the "factual and employment settings of the individual[ ] plaintiffs" as well as "the different defenses to which the plaintiffs may be subject on an individual basis."[1] *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009)). "Showing a 'unified policy' of violations is not required." *Id.* (internal citation omitted). Employees may be found to be similarly situated if they "suffer from a single, FLSA-violating policy" or if their "claims [are] unified by common theories of defendants' statutory violation, even if the proofs of these theories are inevitably individualized and distinct." *Id.* (citing *O'Brien*, 575 F.3d at 584-85).

### III. ANALYSIS

Plaintiff alleges that he meets the "strong likelihood" standard in *Clark* based on his declaration and the factual allegations in the Complaint. (Doc. No. 14-1 at PageID #75). Specifically, Plaintiff alleges that this evidence "demonstrates a strong likelihood that [Plaintiff] and the potential plaintiffs who [he] seek[s] to notify are all similarly situated." (*Id.*). Plaintiff relies on his declaration as evidence of "the same FLSA-violating behavior regarding Defendant's

---

[1] Prior to its decision in *Clark*, 68 F.4th 1003 (2023), the Sixth Circuit also recognized the relevance of "the degree of fairness and procedural impact of certifying the action as a collective action." *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *O'Brien*, 575 F.3d at 584). *Clark*, however, made clear that there is no "certification" – conditional or otherwise. 68 F.4th at 1009.

5

Case 3:23-cv-00901   Document 19   Filed 02/11/25   Page 5 of 9 PageID #: 115

policies regarding the non-payment of overtime" and maintains that he has "shown with far greater than a mere possibility of success that they are similarly situated to Defendant's other hourly Lube Technicians/Customer Service Advisors." (*Id.*).

In response, Defendant argues that Plaintiff has not satisfied the "strong likelihood" standard because his declaration is "unsupported, conclusory, and fails to provide evidence beyond the allegations contained in the Complaint that there are other similarly situated employees." (Doc. No. 18 at PageID #94, 97). Defendant also contends that "[p]rior to the *Clark* decision, in order for a single declaration to warrant a finding other employees are similarly situated, the declaration 'must at least allege facts sufficient to support an inference that [the named plaintiff] has actual knowledge about other employees' job duties, hours worked, and whether they were paid for overtime hours.'" (Doc. No. 18 at PageID # 96) (internal citation omitted). Defendant also states that "[t]he *Clark* decision did not change that general understanding; however, the holding in *Clark*, 'raised the level of detail and amount of evidence such [a declaration] must provide to support facilitating notice on its own.'" (Doc. No. 18 at PageID # 96) (internal citation omitted).

In support of its argument, Defendant also relies on *Rashad v. Mason's Professional Cleaning Service, LLC*, 2023 WL5154534 (W.D. Tenn. Aug. 10, 2023).[2] In *Rashad*, plaintiffs brought a putative FLSA collective action and filed a motion to facilitate notice. (*Id.* at *1). In support of the motion, plaintiffs each submitted a declaration describing their hourly rates and observations that "the potential class and themselves 'performed the same job duties, followed the same policies and procedures, were subject to the same employee handbook, underwent similar training, reported to the same supervisors and customer representatives, were paid under the same

---

[2] The Court notes that the same counsel for Plaintiff in this case represented the plaintiffs in *Rashad*.

pay system, and were not paid overtime compensation" and that "each violation they claim to have suffered was also imposed on 'other current and former employees.'" (*Id.*).

The Court in *Rashad* noted that the plaintiffs' declarations were the only evidence submitted by the plaintiffs and favorably cited to precedent from a court within the Sixth Circuit holding that "[t]o warrant a finding that similarly situated employees exist, a plaintiff's declaration 'must at least allege facts sufficient to support an inference that she has *actual knowledge*' about other employees' job duties, hours worked, and whether they were paid for overtime hours. A declaration that contains facts that support the inference that the plaintiff has actual knowledge of company-wide employment practices—such as first-hand observations or observations with co-workers—will typically be enough to show that a similarly situated class of employees exists." (*Id.* at *3) (internal citation omitted) (emphasis in original). The Court also noted that "'[m]erely restat[ing] the complaint's allegations,' does not by itself satisfy this standard." (*Id.*). The Court ultimately held that the plaintiffs' declarations were insufficient to meet the "similarly situated" standard because they "relay only their own experience with general, unspecific references to 'other employees' supplied at the end of every paragraph" and "merely restate the allegations of the complaint with no supporting evidence or other documentation attached." (*Id.*).

Notably, the Court in *Rashad* acknowledged that post-*Clark*, a single declaration from a plaintiff may still be sufficient to satisfy the "similarly situated" standard if it "sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." (*Id.*) (internal citation omitted). However, the Court recognized that "*Clark* does appear to have raised the level of detail and amount of evidence such an affidavit must provide to support facilitating notice on its own" and "an affidavit 'must at least allege facts sufficient to support an inference that [the plaintiff] has actual knowledge

7

about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours.'" (*Id.*).

Here, Plaintiff's declaration is the only evidence submitted by Plaintiff and sets forth conclusory, general, and unspecific references to "other current and former employees" without identifying specific factual allegations demonstrating his actual knowledge. For example, Plaintiff fails to identify specific instances when he observed other employees working overtime hours without compensation, the locations that he allegedly witnessed these occurrences, details regarding the operation of Defendant's timekeeping system, the job duties performed, the policies and procedures purportedly followed, the training Plaintiff and other employees purportedly underwent, or the basis for Plaintiff's knowledge that other employees were not being fully compensated. Plaintiff states that he was employed by Defendant at their Old Harding Pike location and, presumably, to the extent Plaintiff has actual knowledge of other employees, it is limited to that store. Moreover, Plaintiff does not indicate that he kept track of any other specific employees' hours or had conversations with other employees regarding whether they worked overtime. Further while Plaintiff makes general references including that he and other employees were required to clock out and continue to work after the end of their scheduled shifts, clean up the store after the end of their scheduled shifts, and clock out for lunch and continue to work during an unpaid meal break, Plaintiff fails to offer a factual basis sufficient to support that he "has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." (*Id.*). *Rashad*, 2023 WL5154534, at *3.

Based on the evidence submitted by Plaintiff, the Court is unable to evaluate the "factual and employment settings of the individual[ ] plaintiffs" or "the different defenses to which the plaintiffs may be subject on an individual basis." *Monroe*, 860 F.3d at 397. Accordingly, Plaintiff

has failed to meet *Clark's* "similarly situated" standard, and his motion for court-authorized notice must be denied.

Because the Court finds that the Plaintiff is not entitled to court-authorized notice, it need not consider the parties' remaining arguments regarding equitable tolling, personal information of the putative class members, Plaintiff's proposed notice, or methods of notice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion (Doc. No. 14) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE